*Lilly v. Hall*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand twenty-five.

PRESENT:
> AMALYA L. KEARSE,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

---

EDWARD LILLY,

> *Plaintiff-Appellee*,

v.                                                        No. 23-7567

BRANDON M. HALL,

> *Defendant-Appellant*,

CRISTOPHER P. SALADA, LEWISTON POLICE DEPARTMENT, TOWN OF LEWISTON,

*Defendants*.

---

**For Defendant-Appellant:** Jenna W. Klucsik, Sugarman Law Firm, LLP, Syracuse, NY.

**For Plaintiff-Appellee:** Edward Lilly, *pro se*, Lewiston, NY.

Appeal from an order of the United States District Court for the Western District of New York (Lawrence J. Vilardo, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of jurisdiction.

Brandon Hall, an officer with the Lewiston, New York Police Department, appeals from an order of the district court denying his motion for summary judgment based on qualified immunity as to plaintiff Edward Lilly's claim for First Amendment retaliation brought pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On March 24, 2013, Hall issued Lilly a ticket for failing to have a front license plate on his car in violation of New York Vehicle & Traffic Law § 402(1). The parties dispute the reason for the stop and what ensued afterwards. According

2

to Lilly, there was no basis for Hall to stop his car, which *did* have a front license plate; Lilly instead maintains that Hall stopped and ticketed him in retaliation for his critical remarks concerning the state police that were published in local newspaper articles in January 2013. Indeed, Lilly asserts that he overheard Hall and his fellow officers at the scene saying that they needed to "teach [Lilly] a lesson" for criticizing the police in the articles. App'x at 100. For his part, Hall avers that Lilly's car was in fact missing a front license plate and that, prior to the stop, he did not know anything about Lilly or his involvement in the newspaper articles. The district attorney ultimately declined to prosecute Lilly, leading to the dismissal of the ticket.

On March 23, 2016, Lilly initiated this suit, alleging, as relevant here, that Hall infringed on his civil rights in violation of section 1983 and seeking compensatory and punitive damages. The district court later dismissed all but Lilly's First Amendment retaliation claim against Hall. After the conclusion of fact discovery, Hall moved for summary judgment, arguing both that the undisputed facts warranted judgment in his favor and that, in any event, he was entitled to qualified immunity because his actions did not violate clearly established law. The district court denied that motion, and Hall timely appealed.

"Although neither party expressly argues that we lack appellate jurisdiction to hear this appeal, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *nostra sponte*." *Franco v. Gunsalus*, 972 F.3d 170, 174 (2d Cir. 2020) (alterations accepted and internal quotation marks omitted). An appellate court lacks jurisdiction to review a district court's denial of qualified immunity where "there remains a genuine factual dispute." *Id.* (citing *Reyes v. Fischer*, 934 F.3d 97, 106–07 (2d Cir. 2019)). Here, the parties' submissions reflect continuing factual disputes over whether the ticket Hall issued was supported by probable cause and whether it was issued for a retaliatory purpose. *Compare* Hall Br. at 8–9 ("Officer Hall testified that he effectuated the traffic stop because when he passed a blue Toyota driving in the opposite direction, that vehicle *did not have* a front license plate" (emphasis added)), *and id.* at 9 ("The plaintiff testified that the blue Toyota he was driving *did have* a front license plate" (emphasis added)), *with* Lilly Br. at 6 ("Defendant concedes there is a dispute over whether plaintiff had a front license plate"); *see also Mangino v. Inc. Vill. of Patchogue*, 808 F.3d 951, 956 (2d Cir. 2015) (explaining that the existence of probable cause effectively negates "retaliatory motive" in a First Amendment retaliatory prosecution claim).[1]

---

[1] Judge Sullivan believes that we have jurisdiction to hear this appeal because Hall's arguments

4

Because "[f]actual questions that are crucial to the disposition of the defendant['s] qualified immunity defense remain" – namely, whether the relevant ticket was issued in the absence of probable cause – we must dismiss Hall's appeal for lack of jurisdiction. *Reyes*, 934 F.3d at 106; *Brown v. Halpin*, 885 F.3d 111, 117 (2d Cir. 2018) ("If a factual determination is a necessary predicate to the resolution of whether immunity is a bar, review is postponed and we dismiss the appeal." (alteration accepted) (quoting *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 82 (2d Cir. 2007))).

---

are premised on an assumption of Lilly's "version of the facts." Hall Br. at 1, 12, 14. He nevertheless would affirm the district court's denial of summary judgment because "every reasonable official would have understood that" charging a baseless traffic offense in the absence of an actual violation to punish an individual for his protected speech was prohibited. *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (alterations accepted and internal quotation marks omitted); *see also Hartman v. Moore*, 547 U.S. 250, 256 (2006) ("[T]he First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out."); *Dobosz v. Walsh*, 892 F.2d 1135, 1141 (2d Cir. 1989) ("[T]he proscription of retaliation for a plaintiff's exercise of First Amendment rights has long been established."). Judges Kearse and Chin are of the view that Hall has not accepted Lilly's version of the facts for purposes of this appeal.

\* \* \*

We have considered Hall's remaining arguments and find them to be without merit.   Accordingly, we **DISMISS** Hall's appeal for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6